UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SEAN J. GANEM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-238-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| DEREK ROBINS, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Sean Ganem is a resident of Parksville, Kentucky.[1] Proceeding without an attorney, Ganem has filed a Complaint and a motion for leave to proceed *in forma pauperis* [Record Nos. 1 and 3] The financial information provided suggests that Ganem lacks sufficient assets or income to pay the filing and administrative fees in this case. Therefore, Ganem will be allowed to proceed as a pauper. However, after conducting an initial screening of Ganem's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the matter will be dismissed for the reasons that follow.

As drafted, the Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Ganem names the Boyle County Sheriff and Boyle

---

[1] Ganem indicates that he was recently incarcerated at the Boyle County Detention Center in Danville, Kentucky. [Record No. 1 at 4]. However, this Court may take judicial notice of undisputed information contained on government websites, *see Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), and the Boyle County Detention Center's website indicates that Ganem was released from that facility on August 1, 2023, before he completed and filed his present pleading. *See* Boyle County Detention Center, at http://www.boylecountydetention.com/boyle_inmatelist.html (last visited August 13, 2023).

County Detention Center Jailer as defendants. However, he does not assert any substantive factual allegations against them. Instead, Ganem confusingly states, "I was shocked during a home foreclosure in which resulted in my esophagus becoming separated from my stomach at which point I was hospitalized for several days afterwards I was incarcerated to serve out the remainder of my sentence." [*Id.* at 3] He then vaguely asserts that, while he was incarcerated, "the same technology was used on me as a disciplinary tool" and adds that "[i]t's my understanding that they used these methods and tactics to make people have pain and great discomfort in their homes so they're forced to vacate the premises. I almost died as a result." [*Id.* at 2] Ultimately, these statements and Ganem's remaining allegations are exceedingly difficult to follow, do not comply in any meaningful way with Rule 8 of the Federal Rules of Civil Procedure, and are not linked to the named Defendants, as required to state a claim against them. [*See id.* at 3.]

Moreover, to the extent that Ganem is trying to sue the Boyle County Sheriff's Department and the Boyle County Detention Center, neither entity is subject to suit for monetary damages under 42 U.S.C. § 1983. *See Mayers v. Williams*, No. 16-5409, 2017 WL 4857567, at *3 (6th Cir. Apr. 21, 2017) (recognizing that a police department may not be sued under § 1983); *Marbry v. Corr. Med. Servs.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. 2000) (explaining that a county jail is not subject to suit under § 1983). And to the extent that Ganem's Complaint could be construed as asserting one or more claims against Boyle County itself, he does not complain about a specific county policy or custom, as required to state a claim against that entity. *See Thomas v. City of Chattanooga*, 398

F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

As a result of the identified problems, the Court will dismiss this civil action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). However, dismissal will be without prejudice. *See Kensu v. Corizon, Inc.*, 5 F. 4th 646, 653 (6th Cir. 2021) (explaining that, if a complaint violates Rule 8, one option is for a district court to "dismiss without prejudice and with leave to amend."). As a result, Ganem may file a new civil action regarding the matter he attempted to raise here. The forms needed to file such a new action are available upon request from the Clerk's Office. If Ganem elects to file a new complaint, and thus a new civil action, he must list the defendants against whom he intends to assert claims and is seeking relief and he must clearly explain what each named defendant specifically did (or failed to do) to allegedly cause him harm. Ganem must also include a demand for the relief sought in any new pleading and establish the Court's relevant jurisdiction over the matter. Finally, Ganem must sign any new complaint and file it with the Court.

Additionally, if Ganem later files a new action, he must either pay the $402.00 filing and administrative fees up front and in full **or** properly pursue pauper status by completing and filing an E.D. Ky. 519 Form (this is the form typically used in this district by non-prisoners seeking leave to proceed *in forma pauperis*).

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff Ganem's motion for leave to proceed *in forma pauperis* [Record No. 3] is **GRANTED**. Payment of the filing and administrative fees is **WAIVED** for the current civil action.

2. Plaintiff Ganem's current Complaint [Record No. 1] is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: August 14, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky